UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS H. HENDERSON,<br><br>Defendant. | )<br>)<br>)<br>)  Civil Action No. 1:20-cv-00943-BAH<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Louis H. Henderson, by and through his counsel of record, John S. Pontius, Jr., files this Answer to the Government's Complaint (Docket 1:20-cv-00943-BAH).  Defendant avers as follows:

1. Defendant admits that this Court has jurisdiction.

2. Defendant admits that venue is proper.

3. Admitted.

4. Admitted.

5. This is an aversion to which no response is required.

6. Denied.  Defendant did not own or control National Association of Former Foster Care Children of American, Inc. (the "Company") during all times relevant to this suit.  Rather the Company was a nonprofit in which the Defendant was a Board Member and employed as the Chief Executive Officer during all times relevant to this suit.

7. Defendant denies that he controlled the Company.  Defendant admits that the Company failed to pay its employment taxes for certain taxable quarters which ended between September 30, 2003 and June 30, 2009.

8. Denied.  Defendant delegated this responsibility to the Company Chief Financial Officer, Roger A. Otchere.

9. Denied.  Defendant delegated this authority to the Company Chief Financial Officer, Roger A. Otchere.

10. Denied.  Defendant delegated this authority to the Company Chief Financial Officer Roger A. Otchere.

11. Denied.  During the relevant taxable periods Defendant only had a high school degree after growing up in foster care.  Defendant through the Company focused his energy on housing and counseling over 200 foster children under the Company's care.  During the relevant

taxable periods, Company Chief Financial Officer, Roger A. Otchere willfully failed to collect, truthfully account for, or pay over to the United States the federal taxes withheld from the wages of employees of the Company in violation of 26 U.S.C. § 6672(a).

12. Defendant has no specific recollection of receiving these notices, and on that basis, this allegation is denied.

13. Defendant denies this allegation because he does not currently possess enough specific information to answer and on that basis he denies.

14. Defendant denies this allegation because he has no specific recollection of receiving these notices.

15. Admitted.

16. This is a statement of law to which no response is required.

17. Denied.  Defendant challenges the underlying assessment of the federal trust fund recovery penalty and the related statutory additions to tax.

**Affirmative Defense No. 1**:  The IRS must demonstrate that it obtained supervisory approval before assessing its trust fund recovery penalties pursuant to 26 U.S.C. § 6571(b)(1). Plaintiff has not demonstrated that it can meet its burden.

WHEREFORE, Defendant requests (i) that the Court try all matters to a jury; and (ii) that the Court enter judgment in his favor and award cost and attorney's fees as appropriate.

July 15, 2020

    Respectfully submitted,

    By: /s/ John S. Pontius, Jr.

    JOHN S. PONTIUS, JR. (D.C. Bar No. 501554)
    Pontius Tax Law, PLLC
    1101 Pennsylvania Ave NW, Suite 300
    Washington, DC 20004
    Tel: 202-756-1125
    Fax: 888-966-0717
    Email: john.pontius@pontiustaxlaw.com
    *Counsel for Defendant*